**COSTELLO & MAINS, P.C.**
By:     Kevin M. Costello
         Deborah L. Mains
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
 (856) 727-9700
Attorneys for Plaintiff

| | | |
|---|---|---|
| HUSEYIN HALK, | : | UNITED STATES DISTRICT COURT |
| | : | DISTRICT NEW JERSEY |
| Plaintiff, | : | |
| | : | Civil Action |
| vs. | : | |
| | : | DOCKET NO. |
| | : | |
| XEIKON AMERICA, INC., | : | **Electronically Filed** |
| JEREMY LASSITER and | : | |
| JOHN DOES 1-5 AND 6-10, | : | **COMPLAINT AND JURY DEMAND** |
| | : | |
| Defendants. | : | |

Plaintiff Huseyin Halk ("Plaintiff"), by way of complaint against the defendants, says:

### Preliminary Statement

1.      This action is brought by plaintiff to remedy violations of the Fair Labor

Standards Act, as amended, 29 U.S.C. Sec. 201, et seq. ("FLSA") and the Conscientious

Employee Protection Act, N.J.S.A. 34:-1, et seq. ("CEPA").

### Jurisdiction and Venue

2.      Jurisdiction of the Court is invoked pursuant to 29 U.S.C. Sec. 216(b), 28 U.S.C.

Sec. 1331, 28 U.S.C. Sec. 1332 and pursuant to the Court's supplemental jurisdiction, 28 U.S.C.

Sec. 1367.

3.      Venue within this district is proper pursuant to 28 U.S.C. Sec. 1391 because

plaintiff resides in this district and defendant maintains a corporate residence within the district.

**Identification of Parties**

1.       Plaintiff Huseyin Halk resides at 486 Bryn Mawr Drive, Brick, New Jersey 08723.  At all pertinent times herein, plaintiff was employed by Defendant Xeikon America, Inc.

2.       Defendant Xeikon America, Inc. is a business entity engaged in the business of the sale and maintenance of industrial printing products and is an employer within the meaning of 29 USC Sec. 203(d).  Moreover, Defendant Xeikon is an employer within the meaning of CEPA.  Defendant Xeikon maintains a corporate headquarters at 1375 E. Irving Park Road, Itasca, Illinois and performs business within the District of New Jersey.  Plaintiff's employment took place within the District of New Jersey.

3.       Individual Defendant Jeremy Lassiter is, upon information and belief, individually liable as an individual taking a retaliatory action within the meaning of CEPA.  Plaintiff's termination took place within New Jersey, Defendant Lassiter having flown to New Jersey specifically for the purpose of terminating plaintiff.

4.       Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff in this matter.

**General Allegations**

5.       Plaintiff was employed by Xeikon from on or about May 10, 2010 through his termination on February 6, 2012.

6.       Plaintiff was employed as a maintenance technician, performing maintenance work on printing equipment utilized by clients of Xeikon throughout New Jersey and surrounding states.  Plaintiff spent approximately 90% of his time working in New Jersey and approximately 10% of his time working in New York, Pennsylvania, Delaware and Maryland.

7.    Plaintiff was compensated on an hourly basis, with a regular hourly rate of $28.80 per hour.

8.    Throughout his employment, plaintiff regularly worked in excess of forty hours per week.

9.    Rather than paying plaintiff time and a half for hours worked in excess of forty per week, defendants instead paid plaintiff *half time* for those hours.

10.    This is in direct violation of the FLSA.

11.    Plaintiff, upon information and belief, is not exempt from the overtime requirements of the FLSA.

12.    In or around early February, 2012, plaintiff engaged in protected conduct under CEPA by disclosing to his employer and objecting to the fact that he was not receiving proper payment of overtime for the hours that he worked in excess of forty per week.

13.    In doing so, plaintiff both disclosed and objected to conduct of the employer that he believed to be either illegal or fraudulent, to wit, conduct in violation of the FLSA.

14.    Plaintiff, immediately after engaging in that conduct, was issued three "write ups," none of which he agreed with.

15.    The write ups were issued on a Thursday.

16.    The following Monday, plaintiff met with Jeremy Lassiter, who had flown in from Illinois specifically to meet with plaintiff.

17.    During that meeting, Defendant Lassiter terminated plaintiff's employment.

18.    Jeremy Lassiter, having the power to terminate, is a member of upper management.

19.    The conduct of the defendants in terminating plaintiff in retaliation for complaining that he was not getting paid in accordance with the requirements of the FLSA (even if plaintiff was not specifically quoting or referencing the FLSA) is intentional and egregious, warranting the imposition of punitive damages.

## COUNT I

### FLSA Violation

20.    Plaintiff hereby repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21.    Plaintiff, during the course of his employment, regularly worked more than forty hours in a work week.

22.    Defendants failed to pay plaintiff overtime at one and one half times his regular hourly rate for hours worked in excess of forty hours per week.

23.    Defendants, by the above acts, have violated 29 U.S.C. Sec. 207.

24.    Said violations have been willful within the meaning of 20 U.S.C. Sec. 255(a).

25.    Plaintiff has suffered irreparable injury in monetary damages as a result of defendants' acts.

26.    No previous application has been made by plaintiff for the relief requested herein.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment:

      (a)    declaring that the acts and practices complained of herein are in violation of the FLSA;

      (b)    declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. Sec. 255(a);

      (c)    enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. Sec. 217;

      (d)    directing defendant to make plaintiff whole for all unpaid overtime wages due as a consequence of defendant's violation of the FLSA, together with interest thereon from the date(s) such wages were due but unpaid;

      (e)    directing defendant to pay plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

      (f)    awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. Sec. 216(b); and

      (g)    granting such other and further relief as this Court deems necessary and just.

## COUNT II

### CEPA Violation

27.    Plaintiff hereby repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28.    Defendant Xeikon and Defendant Lassiter are jointly and severally liable for the retaliatory discharge of plaintiff, in violation of CEPA.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay and any other relief the Court deems equitable and just.

Respectfully submitted,

**COSTELLO & MAINS, P.C.**

By: __/s/ Deborah L. Mains_____
Deborah L. Mains
18000 Horizon Way, Suite 800
Mt. Laurel, New Jersey 08054
856-727-9700
kcostello@costellomains.com
dmains@costellomains.com

Attorneys for Plaintiffs

Dated:  April 12, 2012

## DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through his above-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned action.

COSTELLO & MAINS, P.C.

By:   /s/ Deborah L. Mains
          Deborah L. Mains

## DESIGNATION OF TRIAL COUNSEL

Deborah L. Mains, Esquire, of the law firm of Costello & Mains, P.C., is hereby-designated trial counsel.

COSTELLO & MAINS, P.C.

By:   /s/ Deborah L. Mains
          Deborah L. Mains

## DEMAND TO PRESERVE EVIDENCE

1.      All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

COSTELLO & MAINS, P.C.

By:   /s/ Deborah L. Mains
            Deborah L. Mains